PONDER, Judge.
Plaintiff appealed the dismissal of its suit to enforce the school compulsory attendance law.
The issue is the propriety of the procedure employed. We dismiss the appeal.
The Livingston Parish School Board, through its Supervisor of Child Welfare and Attendance, filed suit against Harold David Lofton and Wanda Nichols Lofton, parents of Davina Lofton, seeking a monetary judgment under LSA-R.S. 17:221, which reads in pertinent part:
“A. Every parent, tutor, or other person residing within the state of Louisiana, having control or charge of any child between the ages of .seven and fifteen, both inclusive, i.e., from the seventh to the sixteenth birthday, shall send such child to a public or private day school provided that any child below the age of seven who legally enrolls in school shall also be subject to ‘the provisions of this Subpart. Every parent, tutor, or other person responsible for sending a child to a public or private day school under provisions of this Subpart shall also assure the attendance of such child in regularly assigned classes during regular school hours established by the school board.
“Whoever violates the provisions of this Subsection or any other provisions of this subpart shall be fined not more than fifteen dollars. Each day the violation continues shall constitute a separate offense.
“Visiting teachers or supervisors of child welfare and attendance, with the approval of the parish or city superintendents of schools, shall file proceedings in court to enforce the provisions of this Subpart.”
Defendants testified that they kept their daughter, who was within the age limit of the statute, out of school during the entire 1980-81 school year and that their religious beliefs prevented Davina’s return to school. Defendants did not claim any exemption from compulsory attendance[1] and stated *1359 that Davina was not enrolled in any approved home study program as permitted under LSA-R.S. 17:236.[2] Defendants further stipulated to the allegations of the petition that at the time of the filing of the suit, Davina had not been in school for 127 days.
The trial judge gave oral reasons in rendering judgment in favor of defendants. Essentially these reasons were that he believed a monetary judgment against the defendants would not entice or persuade them to send their child to school; that the 1980 act providing for home study programs diminished the effect of the statute; that a compromise was still possible whereby a home study program satisfactory to all parties could be formulated and approved and that, as a last resort, the child could be taken from her parents. He noted that a petition had been filed in the juvenile docket of the court and that a public defender had been appointed to represent the child.
The intention of the legislature in enacting LSA-R.S. 17:221 was to obtain the compulsory attendance at school of all children between the ages of seven and fifteen except those specifically declared to be exempt. State v. Pettifield, 210 La. 609, 27 So.2d 424 (1946). The terms of the statute are mandatory. LSA-R.S. 1:3. The penalty provision of this section, which states that a violator “shall be fined,” limits the discretion of the trial judge and mandates the imposition of a fine “not more than fifteen dollars” for each violation.
A review of the record establishes a clear and continuing violation of Section 221.
Nevertheless, we dismiss the appeal.
The statute, we hold, contemplates two methods of enforcement. The first is through criminal proceedings as contained in the second paragraph. The second is through civil proceedings with court orders and contempt proceedings as contemplated in paragraph three.
The first is clearly penal in nature, is to be conducted in the name of the state and is to be conducted by the district attorney. A provision for imprisonment was eliminated only as late as the 1976 amendment to the statute.
We believe that plaintiff has pursued the wrong remedy.
We therefore dismiss the appeal at appellant’s costs.
APPEAL DISMISSED.

. The exemptions are found in LSA-R.S. 17:226 which provides:
The following classes of children provided for in this Sub-part shall be exempted from the provisions of this Sub-part:
(1) Children mentally, physically, or emotionally incapacitated to perform school duties, and children unable to profit from further school experience, such exemptions to be certified in writing by a psychiatrist, psychologist, recognized evaluation center or clinic, or other professionally qualified person or agency designated by the parish or city school board;
(2) Children living outside the boundaries of a city, town, or municipality, more than two and one-half miles from a school of suitable grade where adequate free transportation is not furnished by the school board, and children living more than one and one-half *1359 miles from a transfer route providing transportation furnished by the parish or city school board to a school of suitable grade;
(3) Children temporarily excused from school, as follows:
(a) Children who are personally ill and whose attendance in school would endanger their own health or that of their classmates, each parish and city school board being hereby authorized to adopt and promulgate or publish such resolutions as may seem wise and proper regarding the requirement of a certifícate of a physician licensed to practice in the State of Louisiana in substantiation of the absence of children under this authorization of temporary absence;
(b) Children in whose families there is serious illness which would reasonably necessitate the absence from school if in the judgment of the visiting teacher, or supervisor of child welfare and attendance, such absence is justified, or if the illness is substantiated in writing by a physician licensed to practice in the state;
(c) Children in whose immediate family a death has occurred, such absence not to exceed one week because of and at the time of such death; and
(d) Children whose religious faith requires absence for the observance of special and recognized holidays of the child’s own faith.
Children will not be excused from school to work in any job, including agriculture and domestic service, at any time, even in their own homes or for their own parents or tutors.

. LSA-R.S. 17:236, as amended by Acts 1980, No. 828 § 1, added the following language: “Solely for purposes of compulsory attendance in a nonpublic school, a child who participates in a home study program approved by the Board of Elementary and Secondary Education shall be considered in attendance at a day school; a home study program shall be approved if it offers a sustained curriculum of a quality at least equal to that offered by public schools at the same grade level.”